**FILED**

APR 28 2000


CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

|  |  |
|---|---|
| KATHLEEN GARD, ) | Civ. No. 00-5041 |
| Plaintiff, ) | |
| vs. ) | |
| MG OIL COMPANY, d/b/a ) AMOCO FOOD SHOP ) (STURGIS, SOUTH DAKOTA), ) | COMPLAINT |
| Defendant. ) | |

**COMES NOW**, the Plaintiff, above-named, by and through her attorneys, Kenneth E. Barker of Quinn, Day & Barker, Prof. L.L.C., Belle Fourche, South Dakota and Robert A. Haivala, Sturgis, South Dakota, and for her Complaint and causes of action against the Defendant, states and alleges as follows:

### INTRODUCTION

1) This is an action for the recovery of damages for personal injury which occurred as a result of Defendant's negligence in: 1) not keeping its sidewalks free from obstruction and 2) utilizing a method of operation that created a hazardous condition.

### JURISDICTION/VENUE

2) At all times material hereto, Plaintiff is and was a resident of the City of Janesville, State of California.

3) Defendant MG Oil Company, at all times material hereto maintained and operated a business known as Amoco Food Shop located at 990 Lazelle Street, Sturgis, Meade

County, South Dakota. The injury that is the subject of this action occurred at this business location.

4) Upon information and belief, at all times material to this action, Defendant, MG Oil Company is a South Dakota corporation doing business and owning property within the state of South Dakota.

5) All material facts giving rise to this cause of action occurred within the same venue, that is Meade County, South Dakota. The amount in controversy exceeds $75,000 exclusive of costs and interest and therefore, jurisdiction is conferred upon this court pursuant to Title 28 U.S.C. § 1332, diversity of jurisdiction.

## MATERIAL FACTS

6) At all times material hereto, Defendant employed at its facility and operated its facility through various employees, managers, staff and/or agents acting within the course and scope of their employment.

7) On or about August 6, 1997, Plaintiff, Kathleen Gard, was Defendant's business invitee at the Amoco Food Shop in Sturgis, Meade County, South Dakota.

8) At the time and place in question, Defendant, in order to accommodate and attract participants in the Sturgis Motorcycle Rally, allowed the washing of motorcycles on their premises. As a result, a water hose was strung across a sidewalk, unbeknown to Plaintiff. As she walked over the area designed for pedestrian traffic, Plaintiff tripped over one of the hoses, severely injuring her shoulder and head. Her shoulder was broken in several places and in addition, she received multiple abrasions to her nose, chin, and face. In addition, her

face is permanently scarred. Her medical bills to date exceed $120,543.97 and will continue to accrue through the remainder of her life.

9) As a result of her injuries, Plaintiff has undergone three (3) surgeries and is advised that future surgeries may be necessary.

## COUNT ONE:

## STRICT LIABILITY

10) Paragraphs 1 through 9 are incorporated and realleged as though set forth fully here.

11) City of Sturgis Ordinance 15.0301 states that it is unlawful for any person to encumber or obstruct any street, sidewalk, public way, alley, or public grounds in the City of Sturgis.

12) Defendant is strictly liable for the harm incurred by Plaintiff as a result of Defendant's conduct, actions and inactions as set forth herein.

13) As a direct and proximate result of Defendant's action or inaction, as alleged herein, all of which are strictly prohibited by Ordinance 15.0301, Plaintiff sustained injuries and damages which Defendant is strictly liable for as alleged in paragraphs 1 through 9 above.

## COUNT TWO:

## NEGLIGENCE

14) Paragraphs 1 through 13 are incorporated and realleged as though set forth fully herein.

15) Defendant undertook the duty to maintain the premises at Amoco Food Shop in a reasonably safe condition.

16) Notwithstanding the duty undertaken by Defendant, it failed to provide a safe environment for its patrons in a manner that would prevent injuries.

17) On or about August 6, 1997, Defendant, by and through its employees, managers, staff and/or agents, were negligent and breached the duties owed to Plaintiff in the following particulars, to-wit:

   a. Failed to exercise reasonable care to maintain the premises at Amoco Food Shop in a reasonably safe condition and instead, utilized a method of operation that created a hazardous condition to the public it attempted to accommodate and attract;

   b. Failed to properly inspect and maintain the area in question to discover and remove conditions that may be dangerous to the persons it attempted to attract;

   c. Violated Ordinance 15.0301 for the City of Sturgis which prohibits any person to encumber or obstruct any street, sidewalk, public way, alley, or public grounds in the City of Sturgis. This ordinance creates the standard of care for maintenance of a public way;

   d. Knew or should have known that the manner in which the hoses were placed they could cause injury to patrons and thereby failed to properly maintain the sidewalks, public way, alley or public grounds in a manner that would prevent obstructions under circumstances and time when large numbers of patrons should have been expected; and

   e. Failed to give adequate warnings of the dangerous condition, especially under the circumstances and the time in question.

18) As a proximate result of the negligence of Defendant, Plaintiff has incurred medical and related expenses and is reasonably expected to incur significant medical and related expenses in the future; Plaintiff has also suffered loss of income and will incur said losses and expenses in the future; has suffered severe, disabling and permanent injuries; has

endured physical pain and mental suffering in the past and will endure the same in the future; has sustained a loss of earning capacity; has suffered scarring and disfigurement; has suffered a loss of capacity to enjoy life, and other damages as allowed by law, all in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For general and special damages to be determined by a jury;

2. For prejudgment interest, costs, disbursements and for such other and further relief as this Court deems just and equitable.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES TRIABLE TO A JURY.**

Dated this 29th day of April, 2000.

Attorneys for Plaintiff:

**QUINN, DAY & BARKER, PROF.L.L.C.**

By: _____
Kenneth E. Barker
117 Fifth Avenue, P.O. Box 370
Belle Fourche, SD 57717
(605) 892-2743

**ROBERT A. HAIVALA**

By: _____
Robert A. Haivala
1010 Ball Park Road, Suite 4, P.O. Box 156
Sturgis, SD 57785
(605) 347-0099

5